IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| CHUNG'S PRODUCTS LP., | § § | COMPLAINT |
| Defendant. | § § § | JURY TRIAL DEMANDED |
| _____ | § | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to discharged former employee, Gloria Mitchell, African American, and to African American actual and deterred applicants who were adversely affected by Defendant Chung's Product hiring practices, and to compel Defendant Chung's Products to timely file EEO-1 Reports. As alleged with greater particularity below, Chung's Products, LP. (hereafter "Chung's Products" or "Defendant"), discriminates against African American applicants for employment by unlawfully failing to recruit and to hire qualified African American applicants and by using employment practices which have a disparate impact on African American applicants. Specifically, Chung's Products has primarily used word-of-mouth and/or employee referral recruitment and hiring practices which have a disparate impact on qualified African American applicants. Chung's Products unlawful employment practices have deterred African American applicants from applying for production worker positions. In addition, Chung's Products has subjected Gloria Mitchell to retaliation and constructive discharge because of her

race, African-American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6 and e-7 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant, Chung's Products LP. ("Chung's Products"), has continuously been a Texas corporation doing business in Houston, TX, and has continuously had at least 110 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Gloria Mitchell filed a charge with the Commission alleging violations of Title VII by Defendant Chung's Products. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2005, Defendant Chung's Products has engaged in unlawful employment practices at their operations in Houston, TX, in violation of 703(a)(1) - (a)(2), 703(k), 707, and 709(c) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) - (2), 2000e-2(k), 2000e-6, and 2000e-8(c). The effect of these unlawful employment practices has been to discriminate against African Americans in the following manner:

    a.    failing to recruit and hire qualified African Americans – due to their race – for vacant production (egg roll making and packaging plant) worker positions within the company;

    b.    utilizing a policy and practice of relying primarily on word-of-mouth recruitment and/or employee referrals to hire workers for production positions. Chung's Products hiring procedures resulted in nearly no Blacks being hired for production positions during the years 2006 and 2007 and the perpetuation of a nearly exclusively Hispanic work force because almost all of its production staff have been monolingual Hispanics. Chung's Products word-of-mouth and/or employee referral recruitment and hiring practices is not job-related for the positions in question, nor is it consistent with business necessity.

    c.    failing to hire qualified applicants that were not Hispanic.

    d.    subjecting Gloria Mitchell to retaliation and constructive discharge

because of her race, African American.

8. In relying on word-of-mouth and/or employee referral recruitment and hiring, Chung's Products maintains an employment policy that has an adverse impact on African American applicants, as there will be a statistically significant shortfall of qualified African American production workers to be hired for those job opportunities in the metro Houston area.

9. The known effect of the practice(s) complained of in paragraphs 7 - 8 above has been to deprive Gloria Mitchell and other African American actual and deterred applicants of equal employment opportunities and otherwise adversely affect their status as employees or applicants for employment, because of their race.

10. Since at least 2005, Defendant Chung's Products has failed on some occasions, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

11. Some of the unlawful employment practices complained of in paragraphs 7 - 9 above were and are intentional.

12. Some of the unlawful employment practices complained of in paragraphs 7 - 9 above were and are done with malice or with reckless indifference to the federally protected rights of African Americans.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Chung's Products, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminatory hiring, discriminatory discharge, or any other employment practice which

discriminates on the basis of race.

      B.     Order Defendant Chung's Products to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American applicants and employees, and which eradicate the effects of its past and present unlawful employment practices which have an adverse impact on African Americans applicants.

      C.     Order Defendant Chung's Products to make whole Gloria Mitchell, and African American actual and deterred applicants for work with Defendant Chung's Products, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring of affected individuals, or in the alternative provide appropriate front pay.

      D.     Order Defendant Chung's Products to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

      E.     Order Defendant Chung's Products to make whole Gloria Mitchell and African American actual and deterred applicants for work with Defendant Chung's Products, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 - 9 above, in amounts to be determined at trial.

      F.     Order Defendant Chung's Products to make whole Gloria Mitchell and African American actual and deterred applicants for work with Defendant Chung's Products, by providing compensation for past and future nonpecuniary losses resulting from the unlawful intentional practices complained of in paragraphs 7 - 9 above, including emotional pain,

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant Chung's Products to pay aggrieved individuals punitive damages for conduct described in paragraphs 7 - 9 above, which is malicious and/or reckless, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel
JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


ATTORNEYS FOR PLAINTIFF

By: /s/ Rose Adewale-Mendes
     Rose Adewale-Mendes
     Attorney-in-Charge
     Ohio Bar No. 0024652
     Federal ID No. 10541

EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION

                Houston District Office
                1919 Smith Street, 7th Floor
                Houston, Texas 77002-8049
                Tel: (713) 209-3404
                Fax: (713) 209-3402

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 6th Floor
Houston, Texas 77002
Tel: (713) 209-3398
Fax: (713) 209 3402